**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TANYA NEMCIK, <br> Plaintiff, <br> v. <br> STACEY STEVENS, et al., <br> Defendants. | Case No. 16-cv-00322-BLF <br><br> **ORDER DENYING MOTION TO REQUEST COUNSEL** <br><br> [Re: ECF 126] |

On April 21, 2017, Plaintiff Tanya Nemcik ("Nemcik") filed a request for counsel. Mot., ECF 126. Nemcik claims that she has struggled to understand and apply the District Court's rules. *Id.* at 2. She further avers that this case is exceptional and merits a request for counsel by this Court. *Id.* at 2-3.

A district court may exercise its discretion to secure counsel for an indigent civil litigant under 28 U.S.C. § 1915(d) only under "exceptional circumstances," so grants of such a motion are relatively rare. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 799-800 (9th Cir. 1986) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980)). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Although Nemcik claims that she has concern that she can apply the court's rules correctly, these are difficulties which any litigant would have in proceeding pro se. As such, they do not

indicate exceptional factors.  *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (finding that factors normally encountered by pro se litigants do not constitute exceptional circumstances).  Further, the Court finds that Nemcik has performed competently in litigating her case so far so exceptional circumstances requiring counsel are not evident.  The request for counsel is therefore DENIED.  If the Court determines at a later time in the proceedings that securing counsel to represent Nemcik is warranted, it will consider a request for counsel *sua sponte*, and seek volunteer counsel to agree to represent Nemcik pro bono.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge